## In re HARMONY THEATRE CO.

### Petition of HEYWOOD–WAKEFIELD CO.

(District Court, E. D. Michigan, S. D. November 7, 1924.)

### No. 5542.

Bankruptcy ⚖=212—Foreign corporation held entitled to reclaim property, title to which was retained.

A foreign corporation, not licensed to do business in Michigan, *held* entitled to reclaim property delivered to bankrupt under a contract by which it retained title, and which was recorded under the statutes of the state.

In Bankruptcy. In the Matter of the Harmony Theatre Company, bankrupt. On review of order of referee denying petition for reclamation of property. Reversed.

See, also, 298 F. 662.

Walter I. McKenzie, of Detroit, Mich., for trustee.

John McNeil Burns, of Detroit, Mich., for petitioner.

SIMONS, District Judge. This is a petition to review an order of one of the referees in bankruptcy denying a petition for the reclamation of certain theater seats delivered by petitioner to the bankrupt prior to bankruptcy, under a certain so-called title-retaining contract. The petition recites that the petitioner is the owner and entitled to immediate possession of the chairs, and that its contract was duly recorded in the office of the city clerk of the city of Detroit and state of Michigan. Such answer as may have been filed to the petition by the trustee in bankruptcy is not at present in the files, but it appears from the discussion in the several briefs of counsel for petitioner and trustee that the trustee denied the right of petitioner to maintain its reclamation petition on the grounds: (1) That the petitioner, being a foreign corporation and not having been licensed to do business in Michigan, cannot maintain an action to recover the property described in the petition, and in the so-called title-retaining contract upon which the petition is based; (2) that, the title-retaining contract being void under the statutes of the state of Michigan, the record thereof is not notice to creditors, and is in all respects a nullity.

It is conceded by the trustee in bankruptcy that, under the rule laid down in the case of Rex Beach Co. v. Garson Productions, 209 Mich. 692, 177 N. W. 254, and cases cited therein, that, even though a foreign corporation enters into a void contract in the state of Michigan, it will not be precluded from recovering its property in an action ex delicto, where the title or the right to immediate possession is in such corporation. The trustee, however, distinguishes the Rex Beach Case and various other cases from the instant case by calling attention to the fact that in the Rex Beach Case title was admittedly in the foreign corporation, while in the present case title is claimed to have been in the bankrupt, and to now vest in the trustee. Such title as the bankrupt may have obtained to the property he could only have acquired by virtue of the contract. This contract, whether it be a conditional sale contract or a chattel mortgage, is claimed by the trustee to be void. Manifestly the bankrupt, or subsequent to the bankruptcy, his trustee, cannot assert the validity of the contract for one purpose and its invalidity for another. If the contract is a void contract, no title to the property passed from the petitioner to the bankrupt, even though the contract is under the laws of Michigan a chattel mortgage rather than a conditional sale contract.

I am unable to follow the reasoning of counsel for trustee in his effort to draw a distinction between the delivery of the property to the bankrupt and the execution of a chattel mortgage back by the bankrupt to the petitioner. There were not two transactions, but one, and whatever rights and obligations arise by virtue of it are covered by the terms of the contract if it be valid. If it be void, no rights are acquired thereunder, and no obligations incurred thereby. It would seem to me perfectly clear that the petitioner has a right to recover his property in a replevin action, or in a reclamation proceeding notwithstanding the contract. This is not a case where parties are seeking to recover property under the terms of a void contract, or are seeking to enforce a void contract. The invalidity of the contract is set up first by the trustee in denial of the reclamation petition. The case appears to be governed by the law of Michigan as announced in the Rex Beach and other cases, and by such law this court will be bound.

The petition for reclamation must be granted, and orders may be entered in said cause in accordance with this opinion, reversing the referee, and giving petitioner the balance due on his contract.